IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

| | | |
|---|---|---|
| BRYAN A. LEVERETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. _____ |
| | ) | |
| STATE OF TENNESSEE and | ) | JURY DEMAND |
| TOMMIE BOLEYN, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is a civil action for damages brought pursuant to 42 U.S.C. §§1983 and 1988 as a consequence of deprivations, under color of law, of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff additionally asserts state law claims against the individually named Defendants for the intentional infliction of emotional distress.

2. This Court has proper jurisdiction pursuant to 28 U.S.C. §§1331 and 1343, and as to state law claims, this Court has supplemental/pendent jurisdiction pursuant to 28 U.S.C. §1367(a).

3. Venue is proper pursuant to 28 U.S.C. §1391(b).

## PARTIES

4. The Plaintiff has been a citizen of Shelbyville, Bedford County, Tennessee, at all times pertinent to the facts of this cause.

1

5. The Defendant Tennessee Highway Patrol, is operated by the Tennessee Department of Safety and Homeland Security which was created and operated by the State of Tennessee.

6. Defendant Tommie Boleyn is a citizen and resident of Bedford County, Tennessee, and has been at all times pertinent to the facts of this cause. Upon information and belief, the Plaintiff submits that Defendant Boleyn was employed as a State of Tennessee employee with the Tennessee Department of Safety and Homeland Security as a Tennessee Highway Patrol State Trooper assigned to Bedford County, Tennessee. All actions and conduct of Trooper Boleyn set forth herein were taken in the course and scope of his employment with the State of Tennessee and under the color of law.

7. The actions of Defendant Boleyn were undertaken in the regular course of his employment with the Defendant State of Tennessee as a Tennessee State Trooper on behalf of the Defendant State of Tennessee Department of Safety and Homeland Security. Former Trooper Boleyn is sued both individually and in his official capacity.

## **FACTS**

8. On or about Saturday, August 31, 2013, Defendant, former Trooper Boleyn, in the course and scope of his employment, and on patrol in Bedford County, Tennessee, effected a traffic stop on Madison Street in Shelbyville, Bedford County, Tennessee, for a suspected DUI driver, who was later identified as the Plaintiff, Bryan A. Leverette. The Plaintiff stopped his vehicle upon activation of Defendant Boleyn's emergency equipment on his assigned Trooper patrol vehicle.

9. Upon approaching the Plaintiff's vehicle, former Trooper Defendant Boleyn did not follow the "unknown stop and approach procedures" as he was trained and which are

2

required to be followed by Tennessee State Troopers when making a stop, such as Defendant Boleyn did on August 31, 2013, of the Plaintiff. Defendant Boleyn approached the Plaintiff's vehicle and did not identify himself as a Tennessee State Trooper. This is a violation of the approach protocol.

10. Defendant Boleyn engaged the Plaintiff in a conversation regarding the Plaintiff's driver's license, during which Defendant Boleyn became obviously angry with the Plaintiff. On two (2) separate occasions, Defendant Boleyn demanded the Plaintiff "look" at him before stating: "I am not going to tell you that again." Defendant Boleyn ordered the Plaintiff to exit his vehicle, and the Plaintiff complied.

11. Defendant Boleyn asked the Plaintiff if he had identification, and the Plaintiff replied: "No." However, Defendant Boleyn, obviously aggravated and agitated, ignored the response by the Plaintiff and told the Plaintiff that the Defendant had asked him a question that required a response from the Plaintiff. The Plaintiff responded again by stating that he had already told him: "No", and the Plaintiff readily admitted that he knew he was going to jail.

12. Then, Defendant Boleyn, without warning or justification, unlawfully grabbed the Plaintiff, who had been compliant to all of the former Trooper's demands, and slammed him face down on the trunk of the Plaintiff's vehicle while choking the Plaintiff. Defendant Boleyn had placed the Plaintiff in a vascular neck restraint, even though the Plaintiff was unarmed, made no verbal threats, and did not evade arrest. While holding the Plaintiff down on the trunk of his car and choking him to the point that the Plaintiff could not speak, the former Trooper Defendant Boleyn threatened additional harm and more violence to the Plaintiff by stating: "Keep running that mouth I'm going to hurt you." At all times, the Plaintiff was compliant with the demands of the former Trooper.

3

Case 4:14-cv-00037-HSM-SKL   Document 1   Filed 06/19/14   Page 3 of 14   PageID #: 3

13. This incident of violence, illegal and unlawful restraint, and physical assault upon the Plaintiff was observed by a third party witness, Shelbyville Police Department Lieutenant Michael Baker. In fact, Defendant Boleyn only stopped his assault and choking of the Plaintiff when approached by Lieutenant Baker and when he realized that someone other than the Plaintiff knew of his illegal conduct.

14. After the initial conversation and violent, physical assault by Defendant Boleyn upon the Plaintiff, Defendant Boleyn escorted the Plaintiff to the front of his patrol car, in view of the THP dash camera installed in his patrol car. While the Plaintiff made verbal statements which were derogatory towards Defendant Boleyn, the Plaintiff was never physically aggressive nor did he pose a threat to the former Trooper.

15. The Plaintiff never resisted the former Trooper in any way. The Plaintiff complied with all verbal commands made by former Trooper Defendant Boleyn. Former Trooper Defendant Boleyn did not handcuff the Plaintiff nor place him under arrest after the first physical assault and altercation that occurred on the back of the Plaintiff's vehicle when he was placed in a vascular neck restraint by Defendant Boleyn. The failure of Defendant Boleyn to handcuff the Plaintiff after the initial physical altercation confirms that Defendant Boleyn did not believe that the Plaintiff posed a physical threat to him or to others.

16, Even though the Plaintiff repeatedly told the former Trooper Defendant Boleyn that he knew he was going to jail because he did not have a driver's license, Defendant Boleyn continued unprofessional conduct during this stop. At one point, the Plaintiff even tells former Trooper Defendant Boleyn: "Let's go."

17, Rather than placing the Plaintiff in custody, Defendant Boleyn, obviously angry and agitated by the Plaintiff, with back-up officers present, and in full view of the dash cam, tells

4

the Plaintiff: "Keep that fucking mouth shut! You hear me?" This statement made by Defendant Boleyn was confrontational, unprofessional, made in a threatening manner, and exclaimed while Defendant Boleyn pointed his finger in the Plaintiff's face.

18. The Plaintiff exchanged verbal remarks with Defendant Boleyn, and moved his hands while talking. Defendant Boleyn again threatened violence and threatened an assault against the Plaintiff by stating: "Put those hands in the air one more time and I am going to hurt you." However, Defendant Boleyn did not place the Plaintiff in custody, request assistance of other officers (who were already on the scene), nor place handcuffs on the Plaintiff.

19. While continuing to engage in conversation with Defendant Boleyn, the Plaintiff raised his hands to waist level in a non-confrontational manner. The Plaintiff was not acting aggressively towards Defendant Boleyn or the other officers who were on the scene. The Plaintiff was arguing verbally, but was not aggressive, resisting, or violating any laws.

20. When the Plaintiff raised his hands to waist level while talking, Defendant Boleyn, without justification and in violation of the policies and procedures of a Tennessee State Trooper for trained officers, jumped on the Plaintiff, grabbed his head and neck area, and placed him in a vascular neck restraint while pushing him towards the rear of the Plaintiff's vehicle, then bending him over the truck with the weight of the Trooper on the Plaintiff's body. Defendant Boleyn, at that point, grabbed the Plaintiff in the rear of his neck, and the Defendant moved his right arm in a downward motion while slamming the Plaintiff's head into the car.

21. Lieutenant Baker of the Shelbyville Police Department attempted to intervene in the illegal assault by Defendant Boleyn upon the Plaintiff, telling Defendant Boleyn: "Cool out Tommie. Stop. Let him go, Tommie. Cuff him." Lieutenant Baker had to request the

5

Defendant several times to stop the illegal assault upon the Plaintiff before the Defendant finally released the Plaintiff.

22. Defendant Boleyn had placed the Plaintiff in a vascular neck restraint and choke hold that was restricting his ability to breathe and speak. Defendant Boleyn was attempting to impose serious injury upon the Plaintiff which was unjustified, illegal, and unwarranted. Once again, Defendant Boleyn placed the Plaintiff in a vascular neck restraint, even though the Plaintiff was unarmed, non-threatening, and was not actively resisting arrest.

23. The Plaintiff was then placed under arrest for Driving Under the Influence, 3rd Offense, Violation of the Implied Consent Law, and Operating a Vehicle With a Revoked Driver's License.

24. The Plaintiff was not charged with Resisting Arrest, Assault on an a Police Officer, or Failure to Obey the Commands and Instructions of a Police Officer.

25. Defendant Boleyn transported the Plaintiff to the Bedford County Jail where he instructed the Judicial Commissioner to set the Plaintiff's bond high enough so that he could not make bond until Tuesday, knowing that it was a weekend and that Monday was Labor Day.

26. The Judicial Commissioner followed the instructions of Defendant Boleyn and set the Plaintiff's bond at $32,000.00. The Plaintiff was unable to make bond or seek medical treatment over the weekend, and remained incarcerated until Tuesday, September 3, 2013. On that date, the Plaintiff was transported to General Sessions Court and his bond was reduced from the outrageous and extreme sum requested by Defendant Boleyn to the reasonable sum of $7,000.00.

27. It is not objectively reasonable for Defendant Boleyn to believe that his acts as described herein were lawful. Specifically, reasonable police officers in the same circumstances

and possessing the same knowledge as Defendant Boleyn would not have reasonably believed that there was justification for two (2) separate assaults and choking incidences of the Plaintiff, especially in light of Plaintiff's failure to take any acts of aggression and while he was volunteering to go to jail.

28. As a result of the actions and conduct of Trooper Boleyn and his unlawful assault and attack upon the Plaintiff, an investigation was initiated by the State of Tennessee, Department of Safety and Homeland Security which resulted in the dismissal and termination of the employment of Defendant Boleyn as a Tennessee State Trooper.

29. During the investigation into Defendant Trooper Boleyn's actions and conduct regarding his arrest of the Plaintiff, the investigation revealed a series of incidences of unprofessional conduct, including threats of bodily injury and assault towards citizens.

30. As a result of the aggressive attack and assault upon the Plaintiff, Defendant former Trooper Boleyn was terminated based upon his disciplinary history which revealed a clear, continuous pattern of abusive behavior towards the public.

31. Upon termination of former Trooper Boleyn's employment as a Tennessee State Trooper through the Department of Safety and Homeland Security, Defendant Boleyn was designated as a person who would not be recommended to be considered for re-employment with the State of Tennessee.

## **COUNT I – 42 U.S.C. §1983 – Excessive Use of Force**

The Plaintiff reaffirms each and every allegation contained in Paragraphs 1 through 31, as if fully set forth herein.

32. The assault, manhandling, choking, physical violence and other wrongful acts conducted against the Plaintiff by Defendant Boleyn constituted unreasonable and excessive

force by a law enforcement officer as well as false imprisonment, loss of liberty and abuse of process. Such actions were intentional, unreasonable as Defendant Boleyn had a duty to not subject the Plaintiff to unlawful police actions, unlawful assault, choking, and Defendant Boleyn failed to prevent such unlawful police actions and breached that duty.

33. As a direct and proximate result of Defendant Boleyn's intentional wrongful acts in violation of state and federal laws, the Plaintiff was deprived of his freedom, was physically injured, and suffered emotional and mental distress.

34. Defendant Boleyn intentionally, and with complete and deliberate indifference, violated the Plaintiff's rights as guaranteed under the Tennessee and United States Constitutions by using excessive force, illegal assault, and a vascular neck restraint as it was clear that the Plaintiff was not aggressive, intimidating, posed no threat to the officer, and was compliant in the officer's commands.

35. Defendant Boleyn placed the Plaintiff in a vascular neck restraint on two occasions, even though the Plaintiff was unarmed, non-threatening, and neither evading nor resisting arrest.

36. The actions and conduct of Defendant Boleyn, as described herein, violate 42 U.S.C. §1983, depriving the Plaintiff of clearly established and well-settled constitutional rights as protected by the Fourth and Fourteenth Amendments to the United States Constitution, to be free from unreasonable searches and seizures and to be free from excessive and unreasonable force in the course of arrest or detention.

37. Defendant Boleyn subjected the Plaintiff to his wrongful conduct, depriving the Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless

disregard for whether the rights and safety of the Plaintiff would be violated by his acts and omissions.

38. The Plaintiff seeks his reasonable attorney fees and costs pursuant to 42 U.S.C. §1988.

## COUNT II- Assault and Battery

The Plaintiff reaffirms each and every allegation contained in Paragraphs 1 through 38, as if fully set forth herein.

39. The deliberate and intentional acts of Defendant Boleyn, acting in his individual and official capacities for the Defendant State of Tennessee, as set forth in this Complaint, give rise to a cause of action under the common law of Tennessee for assault and battery for which Defendant Boleyn and Defendant State of Tennessee are jointly liable.

40. As a direct and proximate result of the intentional acts of Defendants, the Plaintiff suffered serious injuries and other damages.

## COUNT III – 42 U.S.C §1983 – Fourteenth Amendment and Other Laws

The Plaintiff reaffirms each and every allegation contained in Paragraphs 1 through 40, as if fully set forth herein.

41. The Defendants, acting under color of state law, both collectively and individually, have engaged in actions and abuses which have deprived the Plaintiff of rights, privileges and immunities secured by the United States Constitution, including, but not limited to, rights secured by the due process and equal protection clauses under the Fourteenth Amendment to the United States Constitution and other laws in violation of 42 U.S.C. §1983.

42. In derogation of his duty, Defendant Boleyn failed to follow established and widely recognized law enforcement policies and procedures with respect to the handling of

persons in the same or similar circumstances of Plaintiff, and Defendant State of Tennessee failed to develop and implement adequate policies to establish appropriate handling by its law enforcement officers of persons in the same or similar circumstances as the Plaintiff.

43. As a direct and proximate result of said acts, the Plaintiff suffered serious injuries and other damages as set forth below.

### COUNT IV – Negligence

The Plaintiff reaffirms each and every allegation contained in Paragraphs 1 through 43, as if fully set forth herein.

44. In the acts complained of herein, Defendant Boleyn acted negligently in that he had a duty to act reasonably and responsibly and not to act in a manner which would cause the manhandling, assault and battery, and choking of the Plaintiff. Defendant Boleyn had a duty to act as a prudent law enforcement officer by not taking actions that would injure the Plaintiff and others similarly situated and not to use excessive force or otherwise violate the constitution or the civil rights of Plaintiff.

45. In derogation of his duty, Defendant Boleyn failed to follow established and widely recognized law enforcement policies and procedures with respect to the handling of the Plaintiff and persons similarly situated and Defendant State of Tennessee failed to develop and implement adequate policies to establish appropriate handling by its law enforcement officers or persons similarly situated as the Plaintiff.

46. In the acts complained of herein, Defendant Boleyn acted negligently in that he owed a duty to properly investigate, act within the scope of authority and to refrain from using excessive force, illegally arresting or otherwise violating the constitutional and civil rights of the Plaintiff. Defendant Boleyn breached those duties.

47. As a direct and proximate result of the negligence of Defendant Boleyn the Plaintiff suffered serious injuries and other damages.

## **COUNT VI – False Imprisonment**

The Plaintiff reaffirms each and every allegation contained in Paragraphs 1 through 47, as if fully set forth herein.

48. The deliberate and intentional acts and omissions of Defendant Boleyn, acting in his individual and official capacity for the Defendant State of Tennessee, as set forth above in this Complaint, give rise to a cause of action under the common law of Tennessee for false imprisonment, and Defendant Boleyn and Defendant State of Tennessee are jointly liable for such actions.

49. As a direct and proximate result of the intentional acts of Defendants, the Plaintiff suffered serious injuries and other damages.

## **COUNT VII – Outrageous Conduct**

The Plaintiff reaffirms each and every allegation contained in Paragraphs 1 through 49, as if fully set forth herein.

50. The deliberate and intentional acts and omissions of Defendant Boleyn, acting in his individual and official capacity, for the Defendant State of Tennessee, as set forth above in this Complaint, give rise to a cause of action under the common law of Tennessee for outrageous conduct and intentional infliction of emotion distress, and both Defendants are jointly liable for such actions.

51. As a direct and proximate result of the intentional acts of Defendants, the Plaintiff suffered serious injuries and other damages.

## COUNT VIII- Failure to Train/Supervise

The Plaintiff reaffirms each and every allegation contained in Paragraphs 1 through 51, as if fully set forth herein.

52. On information and belief, the unconstitutional actions of Defendant Boleyn taken pursuant to the following customs, policy, practices, and/or procedures approved by the State of Tennessee Department of Safety and Homeland Security, which were directed, encouraged, allowed, and/or ratified by policy-making officials for the State of Tennessee:

   A. To use or tolerate the use of excessive and/or unjustified force, including the use of control holds during seizure of a person;

   B. To engage in or tolerate unreasonable seizure;

   C. To fail to use appropriate and generally accepted law enforcement procedures in handling a citizen involved in a traffic stop; and

   D. To fail to institute, or require, enforce proper and adequate training, supervision, policies, and procedures concerning handling an unknown stop and approach procedure of a citizen driving on the streets in the State of Tennessee.

53. Defendant State of Tennessee failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant Boleyn with deliberate indifference to the Plaintiff's constitutional rights, which were thereby violated as set forth herein.

54. The unconstitutional actions of Defendant Boleyn were approved, tolerated, and/or ratified by Defendant State of Tennessee.

55. The failure of the Defendant State of Tennessee to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as tolerate the wrongful conduct by Defendant Boleyn was a moving force and/or the proximate cause of the

deprivations of the Plaintiff's clearly established and well-settled constitutional right and in violation of 42 U.S.C.§1983.

56. The Defendants subjected the Plaintiff to their wrongful conduct, depriving the Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of the Plaintiff and others would be violated by their conduct.

57. As a direct and proximate result of the unconstitutional acts, omission, customs, practices, policies, and procedures of Defendant State of Tennessee, the Plaintiff suffered sustained injury and is entitled to recover damages, penalties, costs and attorney fees.

## DAMAGES

The Plaintiff reaffirms each and every allegation contained in Paragraphs 1 through 57, as if fully set forth herein.

58. As a direct and proximate result of the above-stated actions of Defendants, the Plaintiff was manhandled, assaulted, choked, battered, and falsely imprisoned. The Plaintiff suffered serious personal injuries, severe mental anguish, pain and suffering, humiliation and embarrassment.

WHEREFORE, the Plaintiff, Bryan A. Leverette, hereby demands a judgment against Defendants State of Tennessee and Tommie Boleyn, individually, jointly and severally, for compensatory damages and punitive damages, and he further demands a judgment for reasonable attorney's fees, costs and all other relief this Honorable Court deems appropriate. Further, the Plaintiff demands a jury try his causes of action.

Respectfully submitted,


   */s/ Terry A. Fann*
TERRY A. FANN, BPR #12968
BENJAMIN L. PARSLEY, III, BPR #26888
R. STEVEN WALDRON, BPR #2767
Attorneys for Plaintiff
WALDRON, FANN & PARSLEY
202 West Main Street
Murfreesboro, TN  37130
(615) 890-7365